UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIM H. MASON,<br><br>        Plaintiff,<br><br>   v.<br><br>SCOTT FRAKES,<br><br>        Defendant. | CASE NO. C09-1781 RSM<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS |

This Court, having reviewed petitioner's 28 U.S.C. § 2254 application for a writ of habeas corpus (Dkt. #4), the Report and Recommendation ("R&R") of the Honorable James P. Donohue, United States Magistrate Judge (Dkt. #18), petitioner's objections to the R&R (Dkt. #19), and the remaining record, hereby ADOPTS the Report and Recommendation with the following additional comments.

The overarching issue presented is whether the state court's determination of harmless error was an unreasonable application of U.S. Supreme Court precedent or objectively unreasonable such that no deference is owed to the state court decision. 28 U.S.C. § 2254(d); *see also Inthavong v. Lamarque*, 420 F.3d 1055, 1058-59 (9th Cir. 2005). In the context of a

Confrontation Clause violation, error must be shown harmless beyond a reasonable doubt. *United States v. Nielsen*, 371 F.3d 574, 581 (9th Cir. 2004) (citing *United States v. Bowman,* 215 F.3d 951, 961 (9th Cir. 2000)). As noted in the R&R, the Washington Supreme Court Commissioner found the non-hearsay evidence against petitioner to be overwhelming. "Overwhelming evidence" of guilt meets the "beyond a reasonable doubt" standard for harmless error. *See United States v. Soriano*, 880 F.2d 192, 197 (9th Cir. 1989) ("In light of the overwhelming evidence against Soriano and Santos, any confrontation clause error was harmless beyond a reasonable doubt.") Because the state's harmless error analysis was not in conflict with precedent nor was it applied in an unreasonable manner, it is entitled to deference under *Inthavong*.

The Court also wishes to clarify the relevance of *Moses v. Payne*, 543 F.3d 1090 (9th Cir. 2008) to this case.[1] In *Moses*, petitioner argued that the admission at trial of two out-of-court statements by the alleged victim to a physician and to a social worker violated his Confrontation Clause rights. *Moses v. Payne*, 555 F.3d 742, 750 (9th Cir. 2009). The state appeals court determined that the statements Jennifer Moses [the victim] made to an emergency room doctor were given for the purposes of diagnosis and treatment and therefore did not implicate the Confrontation Clause. *Id.* at 754. The Ninth Circuit found that the state appeals court did not arrive at a result contrary to U.S. Supreme Court precedent in an indistinguishable case, nor did it unreasonably apply the testimonial evidence analysis of *Crawford v. Washington*, 541 U.S. 36

---

[1] Petitioner points out that the opinion in *Moses* was amended and superseded upon denial of rehearing. *Moses v. Payne,* 555 F.3d 742 (9th Cir. 2009). However, the aspect of the *Moses* court's analysis which is relevant to this case, namely, the testimonial nature of the victim's statements to her doctor and social worker, was not altered in the amended opinion. Therefore citation to the original *Moses* opinion in the Report and Recommendation is of no consequence.

1  (2004).  *Id.* at 754-55.  Thus the doctor's testimony regarding Moses's emergency room
2  statements was not a basis for habeas relief.
3      Yet the state appellate court found that Jennifer Moses's out-of-court statements to social
4  worker Tamara Muller in part raised a Confrontation Clause issue and should not have been
5  admitted at trial.  555 F.3d at 755.  That court held that once Muller informed Jennifer Moses
6  that she had contacted Child Protective Services about Moses's altercation with her husband, all
7  statements made thereafter were testimonial.  *Id.*  Applying *Chapman v. California*, 386 U.S. 18
8  (1967), the appeals court concluded that the error was harmless beyond a reasonable doubt
9  considering the other untainted evidence implicating defendant.  *Id.*
10     On habeas review, the Ninth Circuit assumed without deciding that the state appellate
11 court's assessment of constitutional error was correct.  555 F.3d at 755.  Finding that the error
12 had no "substantial and injurious effect" in light of other witnesses' testimony to the same facts,
13 habeas relief was similarly unavailable on this claim.  *Id.*
14     At various points during the direct appeal and collateral review of his conviction,
15 petitioner has challenged on Confrontation Clause grounds the admission of statements made by
16 Santoso to an emergency room doctor [Dr. Gross], his roommate, sister and supervisor about the
17 alleged kidnapping.  While *Moses* may seem to suggest that Santoso's statements to the ER
18 doctor became testimonial once Dr. Gross encouraged Santoso to report the incident to the
19 police, that issue was not actually decided by the Ninth Circuit in *Moses*, and it cannot be relied
20 upon in this case.  The *Moses* court did affirm the state court's conclusions as to the non-
21 testimonial nature of statements made for diagnosis and treatment, indicating that Santoso's
22 statements to the civilian witnesses other than Dr. Gross should be similarly treated as non-
23 testimonial.  But neither issue, even if resolved in favor of petitioner, is enough to direct a
24

different result here. As detailed in the Report and Recommendation, there was more than sufficient overwhelming evidence to demonstrate petitioner's guilt, despite constitutional error. Petitioner was unable to demonstrate that he suffered any prejudice as a result of the errors; consequently, habeas relief is unwarranted.

It is now, therefore ORDERED:

1. The Court ADOPTS the Report and Recommendation (Dkt. #18);

2. The Petition for a Writ of Habeas Corpus (Dkt. #4) is DENIED and this case is DISMISSED with prejudice.

3. Petitioner's request for a certificate of appealability is DENIED.

Dated November 17, 2010.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE